**HARTFORD FIRE INSURANCE CO., Plaintiff,**

v.

**LEADER CONSTRUCTION CO., et al., Defendants.**

**No. 7:93–CV–104–BR.**

United States District Court, E.D. North Carolina, Southern Division.

April 14, 1997.

---

Daniel L. Brawley, Ward & Smith, Wilmington, NC, for Plaintiff.

Edward H. Medlin, Charlotte, NC, Pro Se.

Debra Pickworth, Tacoma, WA, for Brookstone Developers, Inc.

Richard D. Medlin, Woodstock, GA, for McBeth & Moore, Inc.

Gardner H. Altman, Jr., Garner, NC, Thomas Joseph Farris, Raleigh, NC, Robert A. Farris, Jr., Wilson, NC, for Sunbelt Diversities Corporation.

Gardner H. Altman, Jr., Garner, NC, Thomas Joseph Farris, Raleigh, NC, Robert A. Farris, Jr., Wilson, NC, William O.J. Lynch, Hogue, Hill, Jones, Nash & Lynch, Wilmington, NC, for Keys Corporation.

Eugene Boyce, Raleigh, NC, Pro se.

Gardner H. Altman, Jr., Garner, NC, Pro se.

Gardner H. Altman, Jr., Garner, NC, for Mid–South Property Management, Inc., Eddie H. Medlin.

Michael T. Mills, Wilmington, NC, for Eastland Developers, Inc., Heartside Builders & Developers, Inc.

Michael Murchison, Murchison, Taylor, Kendrick, Gibson & Davenport, Wilmington, NC, for Landfall Associates, Leland Partnership.

Thomas L. Downs, Jr., d/b/a Pro's Automotive and Sales, Jacksonville, NC, Pro se.

Lawyers Title of North Carolina, Inc. (Samuel A. Mann, of counsel), Wilmington, NC, Pro se.

Door Christian Fellowship Church, Inc. (Dave Suspenski, of counsel), Jacksonville, NC, Pro se.

Denise M. Smith, Morton, MS, Pro se.

*ORDER*

BRITT, District Judge.

This matter is before the court on the following motions:(1) plaintiff's motion to strike the motion to stay by Debra Pickworth ("Pickworth"); (2) Sylvia Creamer's ("Creamer") motion to appoint Eugene Boyce ("Boyce") as guardian *ad litem* for Amanda Nicole Medlin ("Amanda") and to join Amanda as a defendant; (3) Boyce's motion for appointment of guardian *ad litem* for Amanda and motion for order joining guardian as defendant; (4) plaintiff's motion to strike defendant Brookstone Developers, Inc.'s ("Brookstone") answer and for sanctions; and (5) plaintiff's motion and application for judgment against defendants Leader Construction Company ("Leader Construction") and Cyllene Medlin. The court will address each in turn.

### I. *Motion to Strike Pickworth's Motion to Stay Discovery*

As Pickworth neglected to supply a supporting memorandum with her motion pursuant to Local Rule 4.04 nor, in fact, is she even a party to this particular litigation, plaintiff's motion to strike Pickworth's motion will be granted.

### II. *Motions for Appointment of Guardian Ad Litem for Amanda and to Join Amanda as a Defendant*

Both Creamer and Boyce have submitted separate motions seeking the appointment of Boyce as guardian *ad litem* for Amanda and to join Amanda as a defendant in the various actions in which she has an interest. Although it is unclear in which particular actions the motions are intended to apply,[1] the court will construe both motions as pertaining to this case. However, the court cautions that the rulings on these motions only concern the case numbered 7:93–CV–104–BR and do not bind the parties in other related actions.

To begin, the court notes that neither motion is accompanied by any legal discussion in support of the request to join Amanda as a

separate defendant. Instead, both motions focus predominantly on the appropriateness of selecting Boyce as the guardian *ad litem.* In fact, the only legal argument offered recites that, in appointing a guardian *ad litem,* the court's primary concern should be to protect the best interests of the child. (Creamer's Mot., p. 4.) While the court does not question this standard, this line of reasoning ignores the primary issues of whether Amanda should be joined as a defendant and, thus, whether she requires a guardian *ad litem* for this particular litigation.

■ Again, while it is unclear the legal basis for joinder of Amanda, both Fed. R.Civ.P. 19 and 24 were mentioned in Creamer's memorandum. Yet, looking at the substance of the remaining claim in this case, it does not seem that Amanda has an unrepresented interest that necessitates or merits a joinder. The remaining claim for relief alleges several fraudulent conveyances from Richard Medlin, Cyllene Medlin, and Leader Construction to various parties. The only transfers that impact Amanda involve transfers of property to a trust of which she is the beneficiary and Edward Medlin was the trustee and transfers of property to Medlin Commercial Properties, Inc. (now The Keys Corporation) of which she was a shareholder. However, both Edward Medlin as trustee and The Keys Corporation are named defendants in this case. As such, Amanda does not have any separate interest that warrants her joinder into this case. Neither Boyce nor Creamer has offered any evidence or argumentation that would obligate or even justify the joining of Amanda as a party at this late stage of the litigation. Accordingly, these motions must be denied.

### III. *Motion to Strike Answer of Brookstone and for Sanctions*

On 8 August 1994, plaintiff amended the complaint to add several defendants including Brookstone. On 30 August 1994, Brookstone filed a *pro se* answer consisting of a

---

1. Creamer's motion lists five separate case numbers in the motion heading and Boyce's motion, while only listing two bankruptcy proceedings in the heading, does indirectly refer to the other related litigation.

blanket denial of all allegations.[2] Subsequently, plaintiff served a request for production of documents to Brookstone. Brookstone did not respond in any manner. Next, plaintiff moved to compel production. Noting that Brookstone also failed to respond to the motion, the court granted the motion to compel and ordered Brookstone to comply on or before 19 August 1996. (Order of 4/31/96.) Again, Brookstone did not respond. Brookstone has also neglected to act on a pending summary judgment motion filed by plaintiff. Plaintiffs now move for sanctions based on Brookstone's failure to observe discovery rules and this court's order.

 Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the court is afforded considerable discretion to impose sanctions for discovery violations including the entry of a default. Fed.R.Civ.P. 37. Before employing the sanction of default however, the court must heed the instructions of the United States Court of Appeals for the Fourth Circuit:

> Mindful of the strong policy that cases be decided on the merits, and that [entry of default] without deciding the merits is the most extreme sanction, a court must not only exercise its inherent power to [enter a default] with restraint, but it may do so only after considering several factors, which we have detailed under other circumstances. Thus, before exercising the inherent power to [enter a default], a court must consider the following factors: (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom [enter default] against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*United States v. Shaffer Equip. Co.,* 11 F.3d 450, 462–63 (4th Cir.1993) (internal citations omitted); *see also Mutual Fed. Sav. and Loan Ass'n v. Richards & Assocs., Inc.,* 872 F.2d 88, 92 (4th Cir.1989) (reciting a similar, albeit less comprehensive, test).

 After careful review, the court finds that striking Brookstone's answer to the complaint and entering its default is an appropriate and warranted sanction. First, Brookstone's failure to respond in any manner beyond the cursory answer exposes a pattern of disregard for the discovery process. Brookstone's inaction has consistently impeded the progress of this litigation. Notably, Brookstone has even neglected to respond to plaintiff's current motion.

Second, the apparent indifference on the part of Brookstone is not merely attributable to attorney neglect. In fact, it does not appear that Brookstone has retained an attorney for this case. Next, Brookstone's failure to comply with the rules of discovery has severely impacted the plaintiff's ability to proceed with its case against Brookstone. Moreover, it does not appear that less severe sanctions would offer a remedial alternative considering that Brookstone has apparently ceased all participation in this litigation. As Brookstone has refused entirely to respond to any discovery request, motion, or judicial order regarding this litigation, it is doubtful that discovery limitations or monetary sanctions would rectify the situation. Therefore, the only fair and reasonable sanction is entry of Brookstone's default.

The court recognizes that Brookstone was not provided with an express warning that its blatant disregard for this judicial proceeding might warrant an entry of default. However, in light of the nature of the discovery violation and Brookstone's conduct, the court is convinced that this consideration does not counteract the aggregate weight of the other factors.

IV. *Plaintiff's Motion and Application for Judgment*

Plaintiff has also moved for a damage determination as to Leader Construction and

---

2. Because of its corporate status, it appears that Brookstone's failure to secure representation by a licensed attorney may alone warrant a striking of the answer and justify entry of default. However, in light of the discussion below, the court finds it unnecessary to reach this issue.

Cyllene Medlin resulting from the entry of default judgment against them on plaintiff's second claim for relief by order dated 6 June 1994. Although the court conducted a hearing and entered judgment against Richard D. Medlin in the amount of $8,511,903 on 18 July 1995, the court did not act with regard to Leader Construction or Cyllene Medlin because of automatic stays in their respective bankruptcy cases. These stays having been lifted, the court orders a hearing to be held on 20 May 1996 at 9:00 A.M. in Courtroom 1 of the Federal Courthouse in Wilmington, North Carolina to determine the amount of judgment against Leader Construction and Cyllene Medlin.

### V. Conclusion

In accordance with the above, plaintiff's motion to strike Pickworth's motion is GRANTED. Both Creamer's and Boyce's motions for appointment of guardian *ad litem* and joinder of Amanda Medlin are DENIED. Plaintiff's motion for sanctions against Brookstone is GRANTED and Brookstone's answer to the complaint is hereby STRICKEN and the clerk is DIRECTED to enter Brookstone's default. Finally, plaintiff's motion and application for judgment against Leader Construction and Cyllene Medlin is set for hearing as discussed above.